ORIGINAL

**UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

FILED
AUG 14 2007
U.S. COURT OF FEDERAL CLAIMS

**AEOLUS SYSTEMS, LLC,**

Plaintiff,

vs.

**UNITED STATES OF AMERICA**
**SMALL BUSINESS ADMINISTRATION,**
**DEPARTMENT OF THE ARMY**, and
Michael McHale, in his official capacity as
**DIRECTOR HUBZone PROGRAM**

Defendants.

Case No. 1:07-cv-00581-LJB

**Judge Lynn J. Bush**

## AMENDED COMPLAINT

COMES NOW Plaintiff, AEOLUS SYSTEMS, LLC ("AEOLUS"), by and through its undersigned counsel, and brings this action against Defendants, the United States of America, acting through the Small Business Administration ("SBA"), and the Department of the Army ("Army"), and Michael McHale, ("McHale") in his official capacity as Director HUBZone Program ("AA/HUB").

## JURISDICTION

1. This case comes before the Court of Federal Claims by transfer from the United States District Court, Middle District of Florida, Tampa Division, of Case No. 8:07-cv-00536-JSM-TGW, pursuant to an Order of Judge James S. Moody, Jr., United States District Judge, dated May 22, 2007.

2. The U.S. District Court ruled that AEOLUS' claim fell within the definition of a government contract protest and procurement claim as described in 28 U.S.C. § 1491 (b)(1). 110 Stat. at 3875. Thus, the Court of Federal Claims has exclusive jurisdiction over this action.

**SCOPE OF JUDICIAL REVIEW**

3. 5 U.S.C.A. § 706 states, in part:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall –

(2) hold unlawful and set aside agency action, findings, and conclusion found to be–

(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right...

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."

**PARTIES**

4. AEOLUS is a Limited Liability Company registered in the State of Florida with its principal place of business in Clearwater, Florida.

5. Defendant Army is a department in the Department of Defense.

6. The Small Business Administration is an executive agency of the federal government.

7. Michael McHale is an officer of the SBA acting in his official capacity as Director of the HUBZone Program.

**STANDING**

8. Plaintiff, AEOLUS, is a Small Business Administration certified HUBZone small business concern, having been certified on August 20, 2004. (Exhibit A).

9. On December 22, 2006, the Army awarded contract No. W91QV1-06-R-0031 to AEOLUS ("Contract"). The Contract is an SBA Historically Underutilized Business Zone Program set-aside ("HUBZone") to provide business development and IT support services.

10. After the award of the Contract, two unsuccessful bidders filed protests challenging AEOLUS's HUBZone status. The HUBZone Associate Administrator Michael McHale (AA/HUB) sustained the protests on the grounds that AEOLUS did not meet the 35% HUBZone residency requirement at the time of its offer for the subject contract. Upon appeal, the SBA Associate Deputy Administrator for Government Contracting and Business Development upheld McHale's initial decision.

11. Consequently, the Army cancelled the contract awarded to Aelous but has not re-awarded the contract to any other bidder as of the date of service of this Complaint, though the Army has issued a letter designating a new apparent successful offeror for solicitation.

12. AEOLUS has standing as an "Interested Party" because it was awarded the subject Contract by the Army and that Contract was canceled by Defendants' improper actions.

13. AEOLUS has exhausted all administrative remedies and has complied with all conditions precedent and necessary procedural requirements for bringing this action.

**STATEMENT OF CLAIM**

14. Paragraphs 1 through 13 above are incorporated herein and made a part of this Claim.

15. AEOLUS's contract was cancelled by SBA based on the AA/HUB's decision that AEOLUS was not a qualified HUBZone SBC at the time of its initial and final offer and, consequently, AEOLUS was not eligible for award of the Army Contract.

16. The reason given by the AA/HUB for disqualifying AEOLUS was that at least 35% of AEOLUS employees did not reside in a HUBZone as required by 13 C.F.R. § 126.200(b)(1)(iii)(4) and 15 U.S.C.A. § 632(p)(5)(A)(i)(I)(aa). At the time of the proposal for the Army Contract, AEOLUS had but two (2) employees. At least one had to reside in a HUBZone.

17. The specific fact upon which AA/HUB decided AEOLUS did not meet the requirement of 13 C.F.R. § 126.200(b)(1)(iii)(4) and 15 U.S.C.A. § 632(p)(5)(A)(i)(I)(aa), was that one of the two employees had entered into an employment contract which allowed that employee to defer the receipt of (but not the

entitlement to) a portion of his wages. The receipt of the employee's deferred wages was personally guaranteed and the deferred wages were paid. A copy of the employment agreement is attached hereto for reference as Exhibit B.

18. Nevertheless the AA/HUB, after review of the employment agreement, opined:

a) "we find it implausible that a non-owner would work for several months or more without compensation."

b) "In our view, allowing a non-owner individual who works for deferred compensation to be counted as an employee for HUBZone program purposes would open the HUBZone program up to potential abuse."

c) "We have no way to verify whether such employees are ever actually paid."

d) "...the concept of employees who defer compensation is directly contrary to the intent and purpose of the HUBZone definition program, which is to increase gainful employment in HUBZones, not speculative promises of future compensation that may not be paid."

19. Based on these opinions, the AA/HUB decided "under the totality of the circumstances," that AEOLUS' employee was not an employee for HUBZone program purposes at the initial or final offer. (See U.S. Small Business Administration letter dated February 15, 2007, attached as Exhibit C.)

20. This basis for the AA/HUB decision is the subject of AEOLUS' Claim. Specifically, the cancellation of AEOLUS' Army Contract as a consequence of the AA/HUB's interpretation of the Small Business Act, § 2[3] A(p)(5)(A)(i)(I)(aa), 15 U.S.C.A. § 632(p)(5)(A)(i)(I)(aa) ("The Act"):

a) was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law pursuant to 5 U.S.C. § 706(2)(A); (B); (C); and (F);

b) exceeded the AA/HUB's statutory jurisdiction, authority or limitations of 13 C.F.R. §126.100 through §129.900;

c) violated 41 U.S.C.A. §253b which prohibits the executive agency from evaluating an award of a contract on any basis other than those factors specified in the solicitation;

d) was unwarranted by the facts; and

e) interferes with an individual's right to enter into a lawful employment contract.

21. As a direct consequence of these violations by the Defendants, the Contract awarded by the Army to its first choice contractor, AEOLUS, was cancelled which deprived AEOLUS of its right to perform the contract obligations and to receive just compensation, and it deprived AEOLUS of contract profits.

## DEMAND FOR JUDGMENT AND RELIEF SOUGHT

WHEREFORE, AEOLUS is seeking a Declaratory Judgment finding AEOLUS was qualified and eligible for HUBZone contracts at the time AEOLUS submitted its offer for Army contract No. W91QV1-06-R-0031.

AEOLUS is seeking an injunction requiring the Defendants to reinstate the award of the Army Contract to AEOLUS. If granted such remedy, AEOLUS claims no further relief.

In the alternative, if the Contract is not restored to AEOLUS as requested, AEOLUS seeks recovery of its bid preparation and proposal costs, its lost profits, and attorney's fees and costs associated with this Bid Protest.

Respectfully submitted,

Dated: 8-10-07

H. James Lentz, Esq.
Trial Counsel
Lentz & Associates, P.A.
35095 U.S. Hwy. 19 North, # 101
Palm Harbor, FL 34684
Tel.: (727) 787-8700
Fax: (727) 789-6275
E-mail: jim@lentzlawonline.com
Attorney for Plaintiff

F:\WPDOCS\Aeolus Systems\Aeolus v SBA\Federal Claims Court\Fed Claims Court Complaint 8 8 07.wpd

U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

Date:08/20/2004

Joseph Philipose - Ceo
AEOLUS SYSTEMS LLC
APT 119D 21227 US HWY 19 N,
Clearwater, FL, 33765-2805

Dear Joseph Philipose:

Welcome to the HUB*Zone* Program. I am pleased to advise you as that effective August 20, 2004 your application for certification as a "qualified HUB*Zone* small business concern (SBC)" has been approved. Your firm is now eligible to receive HUB*Zone* contracting opportunities, and will be included in the listing of qualified HUB*Zone* small business concerns found on the internet at http://www.sba.gov/hubzone.

The HUB*Zone* Certification will continue provided that your firm remains in compliance with continuing program eligibility requirements and re-certifies, to SBA, that it remains a qualified HUB*Zone* SBC. Within 30 days of your anniversary date, SBA will contact you to initiate the re-certification process. Failure to respond to this request for re-certification will result in SBA proposing the de-certification of your firm (13 CFR 126.100-500). Please be advised, at any time during your firm's participation in the HUB*Zone* Program, SBA may conduct a program examination to validate program eligibility and/or continued program compliance (13 CFR § 126.402).

To apply for HUBZone Program certification, your firm had to be registered in the Central Contractor Registration (CCR/SBA Supplemental Page Information) systems. For your firm to receive benefit from the HUBZone Program, that is, to be identified by contracting officers as eligible to receive HUBZone contracts and to be paid under any such contracts, it is essential that you update your CCR/SBA Supplemental Page Informationt records at least annually, and more frequently if there have been material changes in your firm. If you need assistance in updating your CCR/SBA Supplemental Page Information records, please contact the CCR Assistance Center at 888-227-2423 or 269-961-4725, or the SBA Supplemental Page Information Help Desk at PRONET@SBA.GOV.

Although your firm was approved under North American Industry Classification System (NAICS) Code 541511, this does not prevent your firm from being awarded contracts under other NAICS Codes, as long as the firm is qualified to perform. In this regard, please note that you are responsible for researching and identifying potential contracts that may be available through the HUB*Zone* Program. However, the SBA can assist you in this effort through our Government Contracting web-site at www.sba.gov/GC. This site provides a wide array of valuable Federal contract marketing material, including identification of specific contracting opportunities and points of contact at SBA and Federal acquisition agencies. I encourage you to make full use of the very valuable information on this web-site. Also, although your status as a certified HUB*Zone* concern greatly improves your access to Federal contracts, this certification does not guarantee contract awards. Your ability to research opportunities and bid competitively will be the key to your success in this program.

In addition to welcoming you to the HUBZone Program, I'd also like to supply you with this helpful link to a useful contracting tool. It's the U.S. Small Business Administration's e-learning course Steps to Accessing Contracts & Subcontracts." The purpose of this course is to provide 7(j) eligible business owners -- and this is group that includes HUBZone certified small business concerns -- with the keys to success for developing strategies to expand their markets to the Federal contracting sector.
Through this course you will learn about:

1. Extensive business opportunities that exist with the Federal Government
2. Strategies for selecting specific products or services to market to the Federal Government and how to find potential government customers
3. How the Federal Government procures products and services, and strategies for winning contracts
4. Managing a contract once it is awarded and building a solid performance record for your company

Good luck in your business endeavors!



EXHIBIT "A"

Sincerely,

Michael P. McHale
Associate Administrator
Office of HUB*Zone* Program

**HUB*Zone* Application Number:** 16636
**SBA Customer ID:** P0438368

August 08, 2006

Rode Louisa
2954 Drew St
#1112
Clearwater, FL
33759

Dear Joe,

with all the efforts we put into the excellent responses we made to Seaport, Army and STTR I feel pretty confident that we are going to win. You have treated me well and have given me the opportunities to learn and grow. I want to continue to be part of Aeolus Systems team and also help Aeolus Systems survive the current money shortage. I am willing to work for a deffered salary until Aeolus Systems can pay me or December 31, 2006 which ever is earlier. I believe in the future of this company. My proposal is to be paid before December 31, 2007.

Rode Louisa
[signature]
Junior Computer Syst.

Thanks Rode.
I personally guarantee you that your deferred wages will be paid back prior to Jun 30 2007.
8-11-06 [signature: Joseph Phillips]

EXHIBIT "B"

U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

February 15, 2007

Via Facsimile

Mr. Joseph Phillipose
Chief Executive Officer
Aeolus Systems, LLC
2690 Drew Street, Unit 301
Clearwater, Florida 33759-3127
fax: 419-728-0957

RE: <u>HUBZone Protest Under Solicitation No. W91QV1-06-R-0031</u>

Dear Mr. Phillipose:

We are writing this letter to notify you that the U.S. Small Business Administration (SBA) is sustaining the protests filed by KeyLogic Systems, LLC (KeyLogic) and Global Solutions Network, Inc. (GSNI) concerning Aeolus Systems, LLC's (Aeolus) status as a HUBZone small business concern (SBC) for purposes of U.S. Army (Army) Solicitation No. W91QV1-06-R-0031 (Solicitation).

As discussed below, Aeolus was not a qualified HUBZone SBC at the time of its initial and final offer. Consequently, Aeolus is not eligible for award of the subject contract. This determination is effective immediately and is final unless overturned on appeal. However, because Aeolus was an eligible HUBZone SBC at the time of proposed contract award, Aeolus will not be de-certified from the HUBZone program.

The Army set the Solicitation aside for exclusive competition among HUBZone SBCs. On December 22, 2006, the Army provided unsuccessful offerors with notice that award had been made to Aeolus. On December 28, 2006, KeyLogic filed a protest with the contracting officer challenging Aeolus's HUBZone status. On December 29, 2006, GSNI filed a protest with the contracting officer challenging Aeolus's HUBZone status. On January 24, 2007, we determined that the protesters were interested parties and that the protests were timely and specific.

In order to be awarded a HUBZone contract, a concern must be a qualified HUBZone SBC at the time of its initial offer, final offer if applicable, and at the time of the proposed contract award. 13 C.F.R. § 126.601(b). In order to be a qualified HUBZone SBC, a concern's principal office must be located in a HUBZone. 13 C.F.R. § 126.103. In addition, in order to be a qualified HUBZone SBC, at least 35 percent of the concern's employees must reside in a HUBZone. 13 C.F.R. § 126.200. SBA's regulations define the term "principal office" to mean:

EXHIBIT "C"

the location where the greatest number of the concern's employees at any one location perform their work. However, for those concerns whose 'primary industry' (see 13 CFR 121.107) is service or construction (see 13 CFR 121.201), the determination of principal office excludes the concern's employees who perform the majority of their work at job-site locations to fulfill specific contract obligations.

13 C.F.R. § 126.103. SBA's regulations further define the term "employee" to mean:

a person (or persons) employed by a HUBZone SBC on a full-time (or full-time equivalent), permanent basis. Full-time equivalent includes employees who work 30 hours per week or more. Full-time equivalent also includes the aggregate of employees who work less than 30 hours a week, where the work hours of such employees add up to at least a 40 hour work week. The totality of the circumstances, including factors relevant for tax purposes, will determine whether persons are employees of a concern. Temporary employees, independent contractors or leased employees are not employees for these purposes.

13 C.F.R. § 126.103.

In its protest, KeyLogic contended that Aeolus's principal office location identified in the Central Contractor Registration (CCR) database, 2690 Drew Street, Unite 301, Clearwater, Florida 33759, was an apartment. KeyLogic contended that the phone number listed on Aeolus's website was for a different Clearwater, Florida address and that the facsimile number was for an address in Bowling Green, Ohio. KeyLogic contended that the other addresses listed on Aeolus's website were not located in HUBZones. KeyLogic contended that Aeolus's principal office for HUBZone program purposes was the personal residence of Aeolus's chief executive officer, which was not in a HUBZone. KeyLogic provided internet domain name identification records to support its allegations. In its protest, GSNI contended that Aeolus's principal office location identified in CCR, 2690 Drew Street, Unite 301, Clearwater, Florida 33759, was an apartment. GSNI contended that no more than two individuals could perform work at that location. GSNI contended that the two individuals who work for Aeolus at the principal office location do not reside in HUBZones. GSNI also contended that one of Aeolus's consultants does not reside in a HUBZone. GSNI provided a letter from a private investigator and real estate records to support its allegations. In our January 24, 2007, notice of the protests, we noted that our database identified Aeolus's principal office location as Apt. 119D 21227 US Hwy. 19 N, Clearwater, Florida 33765.

On January 29, 2007, Aeolus responded to the protests. Aeolus provided copies of payroll and employment tax records, driver's licenses, maps, leases, utility records, contracts, invoices, and signed and notarized statements from its employees and the property manager at 2690 Drew Street, Clearwater, Florida. We requested additional information and Aeolus responded on February 6, 2007. Based on our review of the record, Aeolus has established that its principal office is located at 2690 Drew Street, Clearwater, Florida, which is in a HUBZone. This address is clearly being used as an

office. As noted above, the HUBZone definition of a principal office excludes employees who perform the majority of their work at job-site locations to fulfill specific contract obligations, and leased employees, independent contractors and temporary employees are not employees for HUBZone program purposes. Aeolus is a service concern and claims that it had two employees, including the owner, working at its principal office at the relevant times. In its response, Aeolus also explained that its phone and facsimile services are internet-based and that the firm's phone number was transferred from its former principal office to its current principal office. An Aeolus employee also submitted a signed statement claiming that he had notified SBA of the new address for its principal office. Finally, Aeolus's use of the residential address of its owner as a point of contact for certain business transactions does not establish that Aeolus's principal office is at that location.

As discussed above, Aeolus claims that it had two employees at the relevant times, including the owner. The owner does not reside in a HUBZone, so Aeolus's HUBZone eligibility hinges on the employment status of the other individual. Initial offers for the subject contract were submitted on August 21, 2006, and final offers were submitted on September 26, 2006. Aeolus claims that it did not have a payroll from August 21 through November due to a lack of funds. Aeolus claims that beginning in August both Aeolus employees deferred their compensation, and that each was eventually compensated in December. While SBA has considered owners who work 30 hours or more for a concern to meet the HUBZone definition of an employee even though they do not receive salary or wages, we decline to allow non-owners who defer compensation to be counted as employees under the HUBZone definition. It is certainly understandable that an owner of a small business would work for the business entity without receiving a salary or wages. The owner has an expectation that his or her work will increase the value of his or her ownership interest in the entity, and the owner may also be compensated in other ways, such as through dividends or distributions. However, we find it implausible that a non-owner would work for several months or more without compensation. In this case, the individual in question agreed to defer his compensation for over a year, although Aeolus claims that this was not necessary and the individual received the deferred compensation in December, 2006. In our view, allowing a non-owner individual who works for deferred compensation to be counted as an employee for HUBZone program purposes would open the HUBZone program up to potential abuse. We have no way to verify whether such employees are ever actually paid. Further, the concept of employees who defer compensation is directly contrary to the intent and purpose of the HUBZone definition program, which is to increase gainful employment in HUBZones, not speculative promises of future compensation that may not be paid. Thus, under the totality of the circumstances, we find that the alleged non-owner employee was not an employee for HUBZone program purposes at the time of initial or final offer. Consequently, Aeolus did not meet the 35 percent HUBZone residency requirement at the time of its initial and final offer for this contract.

GSNI, KeyLogic, the contracting officer (CO) or Aeolus may appeal this decision pursuant to 13 C.F.R. § 126.805. All appeals must be made to Anthony Martoccia,

Associate Deputy Administrator for Government Contracting and Business Development (ADA/GC&BD) within five business days from receipt of this letter. The appeal may be sent by facsimile, express delivery service, or U.S. mail (postmarked within the applicable time period), or via hand delivery. The ADA/GC&BD may be reached at the U.S. Small Business Administration, 409 3rd Street, SW, Suite 8000, Washington, DC 20416, or by facsimile at (202) 205-5206. SBA will dismiss any appeal received after the five-day period. Pursuant to 13 C.F.R. § 126.805(d), the party bringing the appeal must provide a notice of the appeal to the contacting activity CO and the original protester. I have attached a copy of the appeal procedures.

Finally, as we noted in our January 24, 2007, letter, KeyLogic's allegations concerning Aeolus's size status were forwarded to the appropriate SBA Area Office by the contracting officer. *See* 13 C.F.R. § 126.801(a). That office will respond directly to the parties concerning those allegations.

Sincerely,

Michael McHale
Director
HUBZone Program

cc: Ms. Ruth Kelly
Contracting Officer
Department of the Army
Army Contracting Agency
Headquarters, Northern Region
Capital District Contracting Center
9410 Jackson Loop, Suite 101
Fort Belvoir, VA 22060-5134
Fax: 703-806-3355

Mr. Jon Hammock
KeyLogic Systems, Inc.
2567 University Avenue
Suite 5000
Morgantown, WV 26505
Fax: 304-296-9300

Gerald Werfel, Esquire
Pompan, Murray & Werfel
601 King Street, Suite 400
Alexandria, VA 22314
Fax: 703-739-1342

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this **Amended Complaint**, together with all Exhibits thereto, has been provided by facsimile and by U.S. Mail to Anuj Vohra, Esq., Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Attn: Classification Unit, 8th Floor, 1100 L Street NW, Washington, D.C. 20530, this 10th day of August, 2007.

H. James Lentz, Esq.
Trial Counsel
Lentz & Associates, P.A.
35095 U.S. Hwy. 19 North, # 101
Palm Harbor, FL 34684
Tel.: (727) 787-8700
Fax: (727) 789-6275
E-mail: jim@lentzlawonline.com
Attorney for Plaintiff