IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(BID PROTEST)

| | | |
|---|---|---|
| AEOLUS SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-581C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| GLOBAL SOLUTIONS | ) | |
| NETWORK, INC., | ) | |
| | ) | |
| Intervenor-defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE

Defendant, the United States, respectfully brings this motion to strike plaintiff, Aeolus Systems, LLC's ("Aeolus") September 19, 2007 "Motion for Oral Argument." The Government brings this motion upon the grounds that Aeolus' motion, despite its caption, is a surreply improperly filed without leave of Court.

Aeolus filed its bid protest complaint in this Court on August 14, 2007. Pursuant to this Court's August 15, 2007 Order, Aeolus filed a Motion for Judgment on the Administrative Record on August 24, 2007. The Government and intervenor-defendant Global Solutions Network ("GSN") filed cross-motions for judgment on the administrative record on August 31, 2007. Aeolus filed its brief in response to those cross-motions on September 7, 2007. The Government and GSN filed reply briefs in support of their cross-motions on September 14, 2007. The agreed-upon briefing schedule set forth in the Court's August 15, 2007 order contemplated no further briefing with regards to Aeolus' complaint, and Aeolus has never requested leave to

submit any further briefing on its original motion for judgment on the administrative record.[1]

Aeolus' Motion for Oral Argument, despite its caption, is clearly a response to the Government's September 14, 2007 "Reply Brief In Support Of Its Cross-Motion For Judgment On The Administrative Record" ("Def. Reply"). In the Government's Reply Brief, we correctly noted that Aeolus had failed to cite a single authority in support of its statement that "[i]f a law is passed which is so vague or ambiguous that it defies interpretation, that law is, of course, unconstitutional." Def. Reply 10 (citing Aeolus' September 7, 2007 Reply). We further noted that the Supreme Court had discussed the means for attacking "imprecise laws" in City of Chicago v. Morales, 529 U.S. 41, 52 (1999), and that Aeolus had not explained how Morales applied in the instant case, nor had it identified the "law" to which it was referring that "defied interpretation." Def. Reply 10-11.

In its Motion for Oral Argument, Aeolus, *for the first time in any of its filings before the Court in this litigation*, identifies a number of cases that it claims support its argument that SBA's determination was "unconstitutionally vague": Georgia Pacific Corp. v. Occupational Safety and Health Review Comm'n, 25 F.3d 999 (11th Cir. 1994), Faultless Div., Bliss & Laughlin Industries, Inc. v. Secretary of Labor, 674 F.2d 1177 (7th Cir. 1982), Connally v. General Const. Co., 269 U.S. 385 (1926), and Donovan v. Royal Logging Co., 645 F.2d 822 (9th Cir. 1981). Pl. Mot. 3-4. Aeolus then presents its arguments as to why SBA's determination at

---

[1] Aeolus did file a "Motion For Leave To File Amended Motion For Judgment On the Administrative Record" on September 19, 2007, which we did not oppose. That amended motion for judgment on the administrative record corrected Aeolus' original August 24, 2007 motion to include a table of contents and table of authorities. Aeolus made no substantive changes to its original motion, nor did it request leave to submit any additional substantive filings.

issue was vague and unconstitutional. Id. at 3-4. Aeolus makes no effort, however, to explain why it never cited any of these cases in either of its previous two filings. Instead, Aeolus simply states that "[b]ecause the Defendant has put forth the Morales doctrine as dispositive of the Aeolus case *without consideration of the Georgia Pacific Corporation doctrine*, Aeolus moves for an oral argument[.]" Pl. Mot. 4 (emphasis supplied). Aeolus does not explain how the Government was to "consider" the doctrine of a case that Aeolus had never previously cited.[2]

Aeolus' Motion for Oral Argument, then, is a response to the Government's reply brief and clearly inappropriate. Aeolus has had ample opportunity to present authority to support *its own arguments* in both its Motion for Judgement on the administrative record and its brief in response to the cross-motions of the Government and GSN, specifically the "Georgia Pacific Corporation doctrine," and simply did not. Certainly this was not because Aeolus was *unaware* of any of these cases. Georgia Pacific, the most recent of the cases that Aelous cites, was decided in 1994. Though Aeolus now states that its "argument has always been that [SBA's] decision was unconstitutionally vague," it has never previously provided any legal authority for that argument, and it is not the responsibility of the Court or opposing counsel to guess Aeolus' legal basis for its arguments.[3] Thus Aeolus' reference to those cases cited for the first time in its

---

[2] Moreover, Aeolus does not discuss Georgia Pacific, or any of the cases it cites, in any detail, nor does it explain their applicability to the instant dispute.

[3] Notwithstanding the fact that its presentation of new cases in its Motion for Oral Argument is wholly inappropriate, each case Aeolus cites discusses "unconstitutional vagueness" in the context of a violation of due process. In neither its Amended Complaint nor any of its subsequent filings has Aeolus alleged a violation of its due process rights. Of course, even if it had, due process claims are beyond this Court's Tucker Act jurisdiction. See Crocker v. United States, 125 F.3d. 1475, 1476 (Fed. Cir. 1997); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Motion for Oral Argument should be stricken as improperly raised without leave of this Court.

Similarly, Aeolus' request for oral argument in this matter should be denied. Aeolus admits that it requests oral argument specifically to discuss the cases it identifies in Motion for Oral Argument. Pl. Mot. 4. But because it never raised any of those cases in any of its previous briefing, use of them now is improper. See Cubic Defense Systems Inc. v. United States, 45 Fed. Cl. 450, 467 (1999) (stating that "issues not raised in a brief are waived"). Moreover, to allow Aeolus to present these cases in support of its arguments would severely prejudice the Government. See id. (noting "the unfairness resulting from arguing issues that have not been briefed"). Issues of fairness notwithstanding, the United States Army, the agency administering the contract that is the subject of Aeolus' bid protest, has agreed to stay the award of the underlying contract with the hope that the Court can render its decision in this matter by the end of September 2007. Should the Court wish to consider those cases Aeolus has presented in its *de facto* surreply, the Government would first request an opportunity to prepare and brief those cases. As such, if Aeolus is allowed to present its new cases, the expeditious resolution of this matter would appear to be far less likely.[4]

For those reasons stated herein, the Government respectfully requests that Aeolus' September 19, 2007 "Motion for Oral Argument" be stricken based upon the grounds that it improperly presents new legal authority without leave of the Court, and that Aeolus' request for oral argument to present that authority be denied.

[4] This is even more true in light of the fact that Aeolus waited almost 5 full days after the filing of the Government's reply to file its Motion for Oral Argument.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick by Bryant Snee
MARK A. MELNICK
Assistant Director

OF COUNSEL:

BEVERLEY HAZLEWOOD LEWIS
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., Suite 7200
Washington, D.C. 20416

s/Anuj Vohra
ANUJ VOHRA
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Washington, DC 20530
(202) 353-0521

September 20, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 20, 2007, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Anuj Vohra